UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUI HOPE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EMBASSY OF THE UNITED STATES, DUSHANBE, et al.,<br><br>　　　　Defendants. | Civil Action No. 25-0654 (SLS) |

**MOTION TO DISMISS AND**
**<u>MEMORANDUM IN SUPPORT THEREOF</u>**

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

FACTUAL BACKGROUND .......................................................................................................... 1

STATUTORY AND REGULATORY BACKGROUND ............................................................... 1

LEGAL STANDARDS ................................................................................................................... 2

ARGUMENT ................................................................................................................................... 3

      I.      The Doctrine of Consular Nonreviewability ............................................................. 3

      II.     Plaintiff's APA and *Accardi* Claims Fail Under the Doctrine of Consular Non-Reviewability. ........................................................................................................... 5

CONCLUSION ................................................................................................................................ 8

By and through their undersigned counsel, Defendants respectfully move to dismiss this action pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6). Plaintiff Maui Hope's claims seek review of a consular officer's decision to deny the non-immigrant visa application of non-party Shavkat Hoshimov under 8 U.S.C. § 1182(a)(6)(C)(i) for willfully misrepresenting a material fact to procure an immigration benefit. These claims are precluded by the doctrine of consular nonreviewability, which the Supreme Court recently reaffirmed and bolstered in *Department of State v. Muñoz*, 602 U.S. 899 (2024). In *Muñoz*, the Supreme Court reaffirmed over a century of precedent that "the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Id.* at 1820 (*quoting Trump v. Hawaii*, 585 U.S. at 667, 702 (2018)). While Plaintiff may be unhappy with the consular officer's decision, the deeply rooted doctrine of consular nonreviewability precludes review. For these reasons, the Court should dismiss this case.

## FACTUAL BACKGROUND

Through this action, Plaintiff seeks review of a consular officer's decision denying issuance of a non-immigrant H-1B visa to non-party Shavkat Hoshimov, the beneficiary of Plaintiff's I-129 Petition for a Nonimmigrant Worker. *See generally* Compl. ¶¶ 1–4. Plaintiff alleges that Mr. Hoshimov's visa application ("Visa Application") was made during an interview with a consular officer in Dushanbe, Kazakhstan, on April 4, 2023, and "refused" at the end of the interview. *See id.* ¶ 4. Plaintiff claims that the consular officer's decision refusing Mr. Hoshimov's Visa Application violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 702, 706, and the *Accardi* doctrine. Review of both claims is precluded by the doctrine of consular nonreviewability.

## STATUTORY AND REGULATORY BACKGROUND

The Immigration and Nationality Act of 1952 ("INA"), as amended, 8 U.S.C. § 1101 et seq., "confers upon consular officers exclusive authority to review applications for visas,

precluding even the Secretary of State from controlling their determinations." *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1156 (D.C. Cir. 1999). The INA makes clear that consular officers have authority to grant, deny, and revoke immigrant and non-immigrant visas. Id. at 1156–57 (citing 8 U.S.C. §§ 1201(a), (i)). Visa applicants bear the burden of establishing their eligibility to the satisfaction of the consular officer. 8 U.S.C. § 1361. A consular officer:

> shall [not] issue [a visa] to [a noncitizen] if (1) it appears to the consular officer, from statements in the application, or in the papers submitted therewith, that such [noncitizen] is ineligible to receive a visa or such other documentation under section 212 [8 U.S.C. § 1182], or any other provision of law, (2) the application fails to comply with the provisions of this Act, or the regulations issued thereunder, or (3) the consular officer knows or has reason to believe that such [noncitizen] is ineligible to receive a visa or such other documentation under section 212 [8 U.S.C. § 1182], or any other provision of law.

8 U.S.C. § 1201(g).

Section 1182 identifies various "[c]lasses of [noncitizens] ineligible for visas or admission" to the United States. 8 U.S.C. § 1182(a). In particular here, § 1182(a)(6)(C)(i) renders inadmissible any noncitizen who: (1) has made a misrepresentation of fact; (2) has made that misrepresentation willfully; (3) the fact misrepresented is material; and (4) the applicant made the misrepresentation in seeking to procure a visa, admission into the United States, or other benefit provided under the INA. With some exceptions, a consular officer who denies a noncitizen's visa application "because the officer determines the [noncitizen] to be inadmissible" under § 1182(a) must "provide the [noncitizen] with a timely written notice that . . . (A) states the determination and (B) lists the specific provision or provisions of law under which the [noncitizen] is inadmissible." 8 U.S.C. § 1182(b)(1).

## LEGAL STANDARDS

Under Rule 12(b)(6), the Court may dismiss a Complaint where a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss,

"a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When resolving a motion to dismiss pursuant to Rule 12(b)(6), the pleadings are construed broadly so that all facts pleaded therein are accepted as true, and all inferences are viewed in a light most favorable to the plaintiff. *See Iqbal*, 556 U.S. at 678. However, a court is not required to accept conclusory allegations or unwarranted factual deductions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a court need not "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Ultimately, the focus is on the language in the complaint and whether that sets forth sufficient factual allegations to support a plaintiff's claims for relief.

## ARGUMENT

### I. The Doctrine of Consular Nonreviewability.

"For more than a century," the Supreme Court has recognized that "the admission and exclusion of foreign nationals is a 'fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'" *Trump*, 585 U.S. at 670 (quoting *Fiallo v. Bell*, 430 U.S. 787, 792 (1977)); *see Colindres v. Dep't of State*, 71 F.4th 1018, 1021 (D.C. Cir. 2023) (the power to exclude foreign nationals "is a power to be exercised exclusively by the political branches with limited judicial review.") (internal citations omitted); *see generally Goodluck v. Biden*, 104 F.4th 920, 925 (D.C. Cir. 2024) (when it comes to judicial intervention in visa decisions, "historical and contextual considerations warrant restraint."); *Karimova v. Abate*, 2024 U.S. App. LEXIS 18337, *9 (D.C. Cir. July 24, 2024) ("[C]onsular officers have broad discretion when adjudicating visa applications.").

The Supreme Court recently reaffirmed this doctrine of consular nonreviewability to avoid violating this exclusively political power. *Muñoz*, U.S. at 908. "The doctrine holds that a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise." *Saavedra Bruno*, 197 F.3d at 1159; *see Colindre*s, 71 F.4th at 1020 ("The doctrine of consular non-reviewability bars judicial review of most visa denials.") (internal citations omitted). "For the greater part of this century, [the D.C. Circuit] has therefore refused to review visa decisions of consular officials." *Id.* at 1159–60; *see United States ex rel. Ulrich v. Kellogg*, 30 F.2d 984, 986 (D.C. Cir. 1929) (holding that the then current immigration law did not provide for an official review of a consular officer's denial of a visa). Under succeeding incarnations of federal immigration law through to the present, the D.C. Circuit and other federal courts have adhered to the view that consular visa determinations are not subject to judicial review. *See Saavedra Bruno*, 197 F.3d at 1160.

In *Muñoz*, the Supreme Court explained:

> Congress may delegate to executive officials the discretionary authority to admit noncitizens "immune from judicial inquiry or interference." *Harisiades v. Shaughnessy*, 342 U.S. 580, 588–91 (1952). When it does so, the action of an executive officer 'to admit or to exclude [a noncitizen]' 'is final and conclusive.' *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 543 (1950); *see also Dep't. of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 138–39 (2020) . . . The Judicial Branch has no role to play 'unless expressly authorized by law.' *Knauff*, 338 U.S. at 543.

*Muñoz*, U.S. at 907–08. The Court concluded that because the INA "does not authorize judicial review of a consular officer's denial of a visa, the federal courts cannot review those decisions." *Id.*; *cf.* 6 U.S.C. § 236(f) ("Nothing in this section shall be construed to create or authorize a private

right of action to challenge a decision of a consular officer or other United States official or employee to grant or deny a visa.").[1]

Consular nonreviewability is a corollary of the principle that the political branches have "plenary authority to decide which [noncitizens] to admit" as well as "the power to set the procedures to be followed in determining whether [a noncitizen] should be admitted." *Thuraissigiam*, 591 U.S. at 139. That power is "inherent in sovereignty, necessary for maintaining normal international relations and defending the country against foreign encroachments and dangers." *Kleindienst v. Mandel*, 408 U.S. 753, 765 (1972) (citation omitted); *see Trump*, 585 U.S. at 702 ("[A]ny policy toward [noncitizens] is vitally and intricately interwoven with contemporaneous policies in regard to the conduct of foreign relations [and] the war power") (quoting *Harisiades*, 342 U.S. at 588–89); *cf. Sesay v. United States*, 984 F.3d 312, 315 (4th Cir. 2021) ("The primacy of the political branches over immigration policy is a function of the separation of powers").

## II. Plaintiff's APA and *Accardi* Claims Fail Under the Doctrine of Consular Non-Reviewability.

Because Plaintiff seeks judicial review of the Visa Application after a consular officer denied the requested visa, this suit runs headfirst into the doctrine of consular non-reviewability, warranting its dismissal under Rule 12(b)(6). Most recently, the Supreme Court reaffirmed this doctrine, and its scope, in *Muñoz*, 602 U.S. at 907. There, the Supreme Court recognized "the longstanding principle 'that the United States can, as a matter of public policy . . . forbid

---

[1] The House committee report accompanying this provision explained, "by explicitly providing that no private rights of action are created" by Congress's decision to vest certain visa responsibilities in the Department of Homeland Security, "our amendment will ensure that denials of visa petitions in our overseas posts will continue to be non-reviewable." Homeland Security Act of 2002: Hearing and Markup on H.R. 5005 Before the House Comm. on International Relations, 107th Cong., 2d Sess. 89 (2002).

[noncitizens] or classes of [noncitizens] from coming within their borders,' and '[n]o limits can be put by the courts upon' that power." *Id.* at 915 (quoting *Wong Wing v. United States*, 163 U.S. 228, 237 (1896)). Under the doctrine of consular nonreviewability, the decision of an executive officer "to admit or to exclude [a noncitizen]" is generally "final and conclusive." *Muñoz*, 602 U.S. at 908 (citing *United States ex rel. Knauff*, 338 U.S. at 543); *see Colindres*, 71 F.4th at 1021; *Saavedra Bruno*, 197 F.3d at 1159.

The D.C. Circuit has been equally clear, "[c]onsular nonreviewability shields a consular officer's decision to issue *or withhold* a visa from judicial review, at least unless Congress says otherwise." *Baan Rao Thai Rest. v. Pompeo*, 985 F.3d 1020, 1024 (D.C. Cir. 2021) (emphasis added) (citing *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999)); *see also Colindres*, 71 F.4th at 1021 (D.C. Cir. 2023) ("Reflecting the limited role of the judiciary, the consular-non-reviewability doctrine shields a consular official's decision to issue or withhold a visa from judicial review, with two narrow exceptions." (cleaned up)). This is because "[d]ecisions regarding the admission and exclusion of noncitizens may implicate relations with foreign powers, or involve classifications defined in the light of changing political and economic circumstances and, accordingly, such judgments are frequently of a character more appropriate to either the Legislature or the Executive." *Baan Rao*, 985 F.3d at 1024 (cleaned up); *see Knauff*, 338 U.S. at 543 ("it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given [noncitizen]"); *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) (stating it is "settled that the judiciary will not interfere with the visa-issuing process"). Specific to this case, consular nonreviewability is a "limitation[] on judicial review" displacing the APA's review provisions. *Saavedra Bruno*, 197

F.3d at 1158, 1162–63; *see also Allen* v. *Milas*, 896 F.3d 1094, 1102–08 (9th Cir. 2018) (same); *Baaghil* v. *Miller*, 1 F.4th 427, 434-35 (6th Cir. 2021) (same).

A straightforward application of the doctrine of consular nonreviewability to the refusal of the Visa Application in this case precludes Plaintiff's claims here.  A consular officer refused Mr. Hoshimov's Visa Application on April 4, 2023, after determining that he had made a willful and material misrepresentation in obtaining a visa.  Compl. ¶¶ 4, 52.[2]  Plaintiff's grievances regarding that visa denial and the process that led to it are clearly precluded by the doctrine of consular nonreviewability.   Any allegations about the process, such as Plaintiff's claims that the consular officer "did not follow the required procedure in adjudicating Mr. Hoshimov's nonimmigrant visa application," and "violated Department of State policy in several aspects," *id.* ¶ 84, cannot "be separated from the [visa denial] decision itself."  *Cevallos v. Dep't of State*, Civ. A. No. 22-cv-2602, 2023 WL 6276622, at *4 (D.D.C. Sept. 26, 2023); *see also Malyutin v. Rice*, 677 F. Supp. 2d 43, 46 (D.D.C. 2009), *aff'd*, No. 10-5015, 2010 WL 2710451 (D.C. Cir. July 6, 2010) (rejecting a plaintiff's "attempts to circumvent the doctrine [of consular nonreviewability] by claiming the he is not seeking a review of the consular officer's decision, but is challenging some other, related aspect of the decision."); *Kolesnikov v. Blinken*, Civ. A. No. 23-1675 (TSC), 2024 WL 3638345, at *2 (D.D.C. Aug. 2, 2024) (stating that plaintiff cannot "circumvent the doctrine by claiming that he is not seeking a review of the consular officer's decision, but is challenging some other, related aspect of the decision[,]" by seeking, for example, "an order requiring Defendants to 'collect

---

[2]   As indicated in the declaration attached to the Complaint, *see* ECF. No. 1-1 at 32, Plaintiff returned for a follow-up interview at the U.S. Embassy after the April 2023 denial; however, his visa application remained denied.

information' and 'exercise actual discretion in processing and adjudicating Plaintiffs' new application for a [ ] visa[.]"); *Chun v. Powell*, 223 F. Supp. 2d 204, 206 (D.D.C. 2002).[3]

The consular officer cited 8 U.S.C. § 1182(a)(6)(C)(i) as the basis for denying Mr. Hoshimov's H-1B visa application, *see* Compl. ¶ 52 & Ex. A, which is all that is required under § 1182(b)(1). Regardless of whether Plaintiff challenges the decision itself or the consular process immediately preceding that decision, the doctrine of consular nonreviewability bars this Court from reviewing the decision or compelling further adjudications of the H-1B visa application.

## CONCLUSION

For the foregoing reasons, the Court should dismiss this action with prejudice. A proposed order is enclosed.

Dated: May 30, 2025
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Tabitha Bartholomew*
     TABITHA BARTHOLOMEW,
       D.C. Bar # 1044448
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     Tel: (202) 252-2529
     Tabitha.Bartholomew@usdoj.gov

*Attorneys for the United States of America*

---

[3] Notably, the Complaint lacks any reference to a rule, regulation, or policy that Defendants allegedly violated. Instead, the Complaint cites several provisions of the Foreign Affairs Manual ("FAM"), which is internal, non-binding guidance. *See, e.g.*, *Avagyan v. Blinken*, Civ. A. No. 22-cv-2440 (CRC), 2022 WL 19762411, at *5 (D.D.C. Sept. 29, 2022) (citing *Ass'n of Flight Attendants-CWA, AFL-CIO v. Huerta*, 785 F.3d 710, 712–13 (D.C. Cir. 2015)); *Babamuradova v. Blinken*, 633 F. Supp. 3d 1, 16 (D.D.C. 2022) (citing cases); *Stone v. Dep't of State*, Civ. A. No. 21-cv-3244, 2022 WL 4534732, at *10 (D.D.C. Sept. 28, 2022).

- 9 -

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAUI HOPE,<br><br>        Plaintiff,<br><br>   v.<br><br>EMBASSY OF THE UNITED STATES, DUSHANBE, et al.,<br><br>        Defendants. | Civil Action No. 25-0654 (SLS) |

**[PROPOSED] ORDER**

UPON CONSIDERATION of Defendants' motion to dismiss, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that this action is DISMISSED WITH PREJUDICE.


SO ORDERED:


_____                                              _____
Date                                                                                              SPARKLE L. SOOKNANAN
                                                                                                           United States District Judge